[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
Plaintiff Frank Perrelli, Sr. has filed a Motion for Summary Judgment as to Count One of the complaint which contains his allegations for recovering rent against defendant Leonard J. Panuzio for the months of October, November and December of 1992. The court finds the evidence presented establishes that the parties entered into a written lease, commencing January 1, 1990, and ending on December 31, 1990. The written lease contains a provision which allows the parties to renew it in writing for annual terms. The monthly rental under this lease was $ 1,575.00. Defendant Panuzio did not vacate the premises on December 31, 1990 — the ending month of the written lease; he remained in the premises until the end of September of 1992 and paid rent until that month. The plaintiff claims that by staying in the premises and paying the adjusted rent of $ 1,736.50 set out in the renewal language the defendant renewed the lease for the annual term, and, therefore, is obligated to pay the rent for October, November and December — the remaining months of the 1992 calendar year.
Defendant Leonard Panuzio contends that since he did not sign a new written lease he did not renew the lease which expired on December 31, 1990. The defendant argues further that since in August of 1992 he gave notice to the plaintiff of his intention to vacate the premises in September of 1992, his obligation to pay rent ended in that month.
Plaintiff Frank Perrelli, Sr. cites paragraph 30 of the lease as support for his position that the lease has been renewed for calendar year 1992. Paragraph 30 states in pertinent part that "[t]he tenant shall have a right to renew the lease for two (2) additional and consecutive two (2) year terms . . . upon the same terms, covenants and conditions . . ." of the former lease, provided that the rent for the renewed terms would be $ 1,653.76 per month for the year of January through December 1991, and $ 1,736.50 per month for the year of January through December 1992.
Defendant Leonard Panuzio cites paragraph 20 of the original lease as support for his position that the lease was not renewed for calendar year 1992. Paragraph 20 states in material part that CT Page 5261
 [i]n the event that the tenant shall remain in the demised premises after the expiration of the term . . . without having executed a new written lease . . . such holding over shall not constitute a renewal or extension of this lease. The landlord may, at its option, elect to treat the tenant as one who has not renewed at the end of the term . . . or the land lord may elect . . . to construe such holding over as a tenancy from month to month . . . and in that event the tenant shall pay monthly rent in advance at the rate provided herein as effective during the last month of the demised term.
In addition, the defendant claims that General Statutes § 47a-3d
undergirds his position. General Statutes § 47a-3d states that
 [h]olding over by any lessee, after the expiration of the term of his lease, shall not be evidence of any agreement for a further lease. Parol leases of land or tenements reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only.
This court finds that the plain language of paragraph 20 of the parties' original lease governs the classification of any tenancy after its expiration on December 31, 1990. Paragraph 20 clearly states that in the absence of the execution (i.e. signing) of a new written lease, the defendant's ". . . holding over shall notconstitute a renewal or extension of this lease." What language could be clearer in this situation? Obviously, any new lease executed in accord with paragraph 20 would have embraced the renewal terms set out in paragraph 30. This court is cautioned to honor the plain language and meaning of the words of the parties' contract. "There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be given effect according to its language." Collins v. Sears, Roebuck Co.,164 Conn. 369, 373-374 (1973). The court finds that the holding over by the defendant did not constitute a renewal of the lease. The holding over limitation proscribed by General Statutes § 47a-3d
provides supplemental endorsement for this finding.
Accordingly, the court grants the defendant's motion for summary judgment as to Count One of the complaint in this case. CT Page 5261-A
Clarance J. Jones, Judge